UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robbie Pollard, :<br>　　　　　　　　　Plaintiff, :<br>　v. :<br>FH Cann & Associates, Inc.; :<br>and DOES 1-10, inclusive, :<br>　　　　　　　　　Defendants. : | : Civil Action No.: 1:12-cv-11812<br>:<br>:<br>: **COMPLAINT**<br>:<br>: |

For this Complaint, the Plaintiff, Robbie Pollard, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Robbie Pollard ("Plaintiff"), is an adult individual residing in Chelmsford, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant FH Cann & Associates, Inc. ("FH Cann"), is a Massachusetts business entity with an address of 1600 Osgood Street, Building 20/2-120, North Andover, Massachusetts

01845, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FH Cann and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FH Cann at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $784.31 (the "Debt") to Sovereign Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to FH for collection, or FH was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FH Cann Engages in Harassment and Abusive Tactics

12. In July, 2012, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff set up a payment plan with Defendants agreeing to make monthly payments of $50.00 beginning in August 2012.

14. Thereafter Plaintiff received a letter from Defendants dated July 31, 2012, stating the terms of the agreement. The letter failed to inform Plaintiff of her rights under the state and federal laws, including the right to dispute the Debt.

15. As agreed, Plaintiff made two payments: one on August 3, 2012, and the other on August 31, 2012.

16. On or around September 6, 2012, Plaintiff contacted Defendants to inform that she could no longer make payments in the amount of $50.00 and asked if she could reduce the payment amount to $30.00. Defendants agreed to accept the new payment plan.

17. Thereafter, Plaintiff received a letter from Defendants dated September 13, 2012, requesting that Plaintiff pay the Debt in full, thus breaching the term of the previous agreement.

18. When Plaintiff confronted Defendants about the misleading nature of the September 13 letter, Defendants falsely stated that the letter was not a demand for payment in full, but merely a receipt of payment.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 1, 2012

          Respectfully submitted,

          By   */s/ Sergei Lemberg*

          Sergei Lemberg (BBO# 650671)
          LEMBERG & ASSOCIATES L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424
          Attorneys for Plaintiff